**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KINDRED HOSPITALS LIMITED PARTNERSHIP d/b/a KINDRED HOSPITAL FORT WORTH (MANSFIELD CAMPUS)** § § § § | | |
| Plaintiff, § | | |
| V. § | | **CIVIL ACTION NO. 4:17-cv-866** |
| § | | |
| **CIGNA HEALTH AND LIFE INSURANCE COMPANY,** § § | | |
| Defendant. § | | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Cigna Health and Life Insurance Company ("Cigna") files this Notice of Removal of Civil Action brought by Plaintiff Kindred Hospitals Limited Partnership d/b/a Kindred Hospital Fort Worth (Mansfield Campus) ("Plaintiff"). The grounds in support of this Notice of Removal are as follows:

1. **The State Court Action, Parties and Pleadings.** Plaintiff filed a civil action on September 20, 2017, in the 96th Judicial District Court of Tarrant County, Texas, under Cause Number 096-294970-17 (the "State Court Action"). A true and correct copy of the State Court Docket Sheet is attached hereto as Exhibit A. A true and correct copy of Plaintiff's Original Petition and Request for Disclosure (the "Complaint"), which was served on or otherwise received by Cigna on September 25, 2017, is attached hereto as Exhibit B, with the Citation and Return of Service attached as Exhibit C.

2. To avoid the entry of a default judgment against it, Cigna timely filed its Motion to Transfer Venue and Original Answer Subject Thereto on October 16, 2017. A true and correct

HOU:3837386.1

copy of Cigna's Motion to Transfer Venue and Original Answer Subject Thereto is attached hereto as Exhibit D.

3. **This Notice is Timely Pursuant to 28 U.S.C. § 1446(b).** This Notice of Removal of Civil Action is being removed prior to the expiration of the statutorily allowed thirty (30) day period after the date that Defendant was served with or otherwise received a copy of the Complaint.[1]

4. **Complete Diversity of Citizenship Confers Jurisdiction.** The State Court Action may be removed to this Court because it is one involving a controversy wholly between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this is a civil action over which the district courts of the United States have original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

5. Specifically as alleged in the Complaint, Plaintiff is a limited partnership organized under the laws of the state of Delaware. Based on information and belief, neither Plaintiff nor its members are considered a citizen of Connecticut for diversity of jurisdiction purposes. As of the time the State Court Action was filed, and as of the time of filing this Notice of Removal, Plaintiff and its members were organized under the laws of the state of Delaware or were otherwise citizens of Kentucky, and they were not citizens of the state of Connecticut.

6. Defendant Cigna Health and Life Insurance Company is a corporation that was incorporated in the State of Connecticut and had its principal place of business in the State of Connecticut at the time the state court action was filed. As of the date of this Notice of Removal,

---

[1] 28 U.S.C. § 1446(b)

Cigna Health and Life Insurance Company continues to be incorporated in Connecticut and has its principal place of business in Connecticut.

7.  Furthermore, the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs, in that Plaintiff seeks damages in an amount in excess of the minimum jurisdictional requirements of 28 U.S.C. § 1332. Plaintiff's Complaint seeks more than $650,000 in monetary damages and further seeks treble damages, exemplary damages, and attorney's fees.[2] Plaintiff's complaint also affirms that Plaintiff "seeks monetary relief over $1,000,000, including damages, penalties, costs, expenses, interest, and attorney fees."[3] Therefore, it is facially apparent that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.  **ERISA Complete Preemption Raises a Federal Question.** Additionally, and in the alternative, the State Court Action may be removed to this Court because the Complaint necessarily raises a federal claim in that ERISA (29 U.S.C. §1001 *et seq.*) completely preempts Plaintiff's state law claims as set forth below.

9.  Plaintiff's state law causes of action arise out of Cigna's alleged failure to process, pay, and provide coverage for certain claims submitted by Plaintiff for reimbursement under an ERISA benefit plan, administered by Cigna and the cost of which was shared by the employer and employee. Plaintiff is seeking to recover ERISA plan benefits under assignment from the ERISA member because Plaintiff allegedly "provided care and services to the Insured for which it has not been compensated" and based on challenges to Cigna's coverage

---

[2] Exhibit B at ¶¶ 42, 50, 56.

[3] *Id.* at ¶ 58.

-3-
HOU:3837386.1

determinations under the ERISA plan.[4] Therefore, Plaintiff's state-law claims are completely preempted by ERISA's civil enforcement scheme (*see* 29 U.S.C. § 1132(a)) and this matter is properly before this Court pursuant to 28 U.S.C. §1441(a).[5]

10. **Notice Filed in the State Court.** Promptly after filing this Notice of Removal, Cigna will provide written notice of removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk for the District Court of Tarrant County, Texas, as provided by law.[6]

WHEREFORE, PREMISES CONSIDERED, Defendant Cigna Health and Life Insurance Company prays that the State Court Action be removed to the United States District Court for the Northern District of Texas, Fort Worth Division.

                Respectfully submitted,

                By: */s/ Dimitri Zgourides*
                   Dimitri Zgourides
                   State Bar No. 00785309
                   *dzgourides@andrewskurth.com*
                   Thomas McCulloch
                   State Bar No. 24047272
                   *tmcculloch@andrewskurth.com*
                   ANDREWS KURTH KENYON LLP
                   600 Travis Street, Suite 4200
                   Houston, Texas 77002
                   Telephone: (713) 220-4200

---

[4] *Id.* at ¶¶ 42, 50, 56; *see also, e.g.,* ¶ 17 (complaining of Cigna "denying payment" of ERISA benefits due to Plaintiff's failure to comply with the ERISA-plan requirements).

[5] *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209-211 (2004); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56-57 (1987); *see also Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 531 (5th Cir. 2009) (challenging whether a procedure is a "Covered Service" under an ERISA plan is completely preempted and thus properly removable to federal court).

[6] A true and correct copy of the Notice being filed with the District Court of Tarrant County, Texas, 96th Judicial District, is attached hereto as Exhibit E.

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2017, a true and correct copy of this document was served on the following attorneys of record by e-service and United States certified mail, return receipt requested, as follows:

| | |
|---|---|
| Leigh V. Graves | Gregory M. Sudbury |
| *lvgraves@fmdlegal.com* | *sudbury@qslwm.com* |
| FULTZ MADDOX DICKENS PLC | QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C. |
| 101 S. Fifth Street, Suite 2700 | 2001 Bryan Street, Ste. 1800 |
| Louisville, Kentucky 40202 | Dallas, Texas 75201 |

/s/ *Thomas McCulloch*
Thomas McCulloch